# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DYLAN STEPHEN JAYNE,**
        **Plaintiff**

   v.

**GOOGLE INTERNET SEARCH ENGINE FOUNDERS,**
        **Defendants**

: No. 3:07cv1677
:
: (Judge Munley)
:

## MEMORANDUM and ORDER

Before the court for disposition is plaintiff's complaint, which was filed with a request to proceed *in forma pauperis*. For the following reason, we will dismiss the case *sua sponte*.

## Background

On September 18, 2007, plaintiff filed the instant lawsuit. Plaintiff asserts a cause of action under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "section 1983") against the founders of the Google internet search engine. The basis of plaintiff's claim is that his social security number when "turned upside down" is a scrambled code that spells the name Google. He seeks five billion dollars in damages from Google.[1]

We will grant plaintiff's petition to proceed *in forma pauperis* for purposes of filing the complaint only, and dismiss the complaint.

## Discussion

The law provides that

---

[1] Plaintiff also raises claims regarding civil rights violations by officials of the Pike County Correctional Facility that appear to be the subject of a separate suit filed by the plaintiff and docketed in the United States District Court for the Middle District of Pennsylvania at 3:07cv1113. It is unclear why the plaintiff raises these issue again in this case that is styled as a section 1983 action against Google.

>     Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal -
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[2]

The instant case will be dismissed for failing to state a claim on which relief can be granted. As set forth above plaintiff asserts a section 1983 action against the defendant.

In pertinent part, section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

In the instant case, neither of these criteria is met. The defendant is

---

[2]This statute applies to complaints that are filed *in forma pauperis* by both prisoners and non-prisoners. See Powell v. Hoover, 956 F. Supp. 564, 566-68 (M.D.Pa.1997).

not a state actor, but rather, a private company, and the plaintiff has not sufficiently alleged a violation of the Constitution or federal law.  He merely asserts that his social security number when turned upside down spells out the word Google in code.   There is no valid assertion that this is somehow a violation of the law or the Constitution[3] or indeed how Google could be held responsible for "scrambled codes" found in his social security number.  Thus, the complaint will be dismissed.[4]

    **AND NOW**, to wit, this 27th day of September 2007, it is hereby ordered as follows:

    1) Plaintiff's petition to proceed *in forma pauperis* is **GRANTED** for the purpose of filing this complaint only and

    2) This case is **DISMISSED**.

                                      **BY THE COURT:**

                                      **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

---

[3] Plaintiff asserts that his privacy rights have been violated by defendant.  But even if the defendant were a state actor, the facts as alleged in the complaint simply do not support the contention that plaintiff's privacy rights were violated.

[4] We do not grant the plaintiff leave to amend his complaint prior to its dismissal because any amendment would be futile.  Google is not a state actor and any amendment to the complaint would not change that.